# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELLA MAE HENDERSON,** | : | CIVIL ACTION NO. 1:07-CV-0936 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MRS. KERNS-BARR &** | : | |
| **OFFICER RIPPEY,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of April, 2008, upon consideration of defendants' motion for summary judgment (Doc. 27), and of the correspondence from *pro se* plaintiff dated March 31, 2008 (Doc. 44), asking the court to "accept discovery" regarding the sequence of events that led up to plaintiff's confinement in segregated housing,[1] and it appearing that plaintiff is attempting to supplement her opposition to defendants' motion for summary judgment, but that plaintiff's correspondence is an unsworn statement that possesses no evidentiary value, it is hereby ORDERED that:

---

[1] The correspondence also discusses the deterioration of plaintiff's medical condition while she was in segregated housing. However, plaintiff's complaint names only two defendants, neither of whom is alleged to have been personally involved in plaintiff's medical treatment during her time in segregated housing. Absent such an allegation of personal involvement on the part of one of the named defendants, plaintiff's allegations of improper medical care and treatment are not relevant to the instant case. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing.").

1. Plaintiff's correspondence (Doc. 44) is CONSTRUED as a motion for extension of time in which to file supplemental evidence in opposition to defendants' motion for summary judgment and is GRANTED as so construed.

2. Plaintiff shall be permitted to file supplemental evidence in opposition to defendants' motion for summary judgment on or before April 21, 2008. Such evidence must be in an acceptable form, such as sworn affidavits, deposition transcripts, or other documentary evidence.[2]

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Specific examples of evidence that plaintiff may rely upon in the instant case include: (1) a sworn affidavit from plaintiff in which she attests to her allegations under penalty of perjury, (2) a sworn affidavit from fellow inmate Lyzette Haynes, whom plaintiff claims to be a witness on her behalf, and (3) a copy of the surveillance tape which plaintiff alleges absolves her of wrongdoing.

When electing the types of evidence to file with the court, plaintiff must be aware that the court is unable to consider any evidence outside of the record submitted by the parties when deciding defendants' motion for summary judgment. Despite plaintiff's numerous requests for the court to obtain various items of evidence via an independent investigation, the court is not charged with such investigatory duties and will only consider that evidence placed before it by the parties.